UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:16-cv-02137-CAS(GJSx) | Date | August 24, 2016 |
|---|---|---|---|
| Title | WP BANQUET, LLC ET AL v. LOWE'S COMPANIES, INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                             Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT LOWE'S COMPANIES, INC.'s MOTION TO DISMISS OR STAY (Dkt. 15, filed August 1, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 29, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On March 29, 2016, plaintiffs Wok & Pan Ind., Inc. ("Wok & Pan") and WP Banquet, LLC (collectively, "plaintiffs") filed the instant patent infringement action, pursuant to 35 U.S.C. § 271, et seq., against defendants Lowe's Companies, Inc. ("Lowe's"); Office Star Products; and Does 1 through 20, inclusive. Dkt. 1 (Compl.). In brief, plaintiffs allege that certain folding tables sold at Lowe's retail locations infringe on United States Patent Nos. 5,957,061; 8,881,661; 8,931,421; and 9,089,204 (collectively, the "Asserted Patents").

On July 29, 2016, defendant Lowe's filed the instant motion to dismiss or stay this action. Dkt. 15 ("Motion"). In its motion, Lowe's argues (1) that this action should be dismissed or, in the alternative, stayed under the first-to-file rule due to an ongoing declaratory relief action in the Eastern District of Tennessee between Maxchief Investments Limited, the manufacturer of the allegedly-infringing tables, and Wok & Pan, the owner of the Asserted Patents and a plaintiff in this suit; and (2) that this action should be dismissed for lack of proper venue based on a 2009 agreement between Wok & Pan and a corporate affiliate of Lowe's, under which Wok & Pan purportedly stipulated that all disputes arising out of or related to the agreement would be resolved in North

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02137-CAS(GJSx) | Date | August 24, 2016 |
| Title | WP BANQUET, LLC ET AL v. LOWE'S COMPANIES, INC. ET AL | | |

Carolina. On August 8, 2016, plaintiffs filed an opposition to the instant motion. Dkt. 23 ("Opp'n"). On August 15, 2016, Lowe's filed a reply. Dkt. 28 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Non-party Maxchief Investments Limited ("Maxchief") is an international business entity registered in the British Virgin Islands with its principal place of business in China. Declaration of ChenKang Lin ("Lin Decl."), at ¶3. Maxchief is in the business of designing, manufacturing, and selling plastic folding tables, including its model BT-06FQ table, which is the alleged infringing product in this case. Id. at ¶ 5. The BT-06FQ table is marked with numerous patents owned by Maxchief. Id. Maxchief sells the BT-06FQ table to defendant Office Star Products, a U.S. distributor that purchases these tables from Maxchief, ships them to the U.S., and markets and sells them under the Office Star brand to a number of third-party retailer customers in the U.S., including defendant-retailer Lowe's. Id. at¶ 6. The BT-06FQ Table is not marked with the Lowe's brand, and Lowe's avers that it "is merely a retailer, [and] had no involvement with the conception, development, design or manufacture of the [BT-06FQ Table]." Motion at 3.

The instant lawsuit is not the first action involving plaintiff Wok & Pan and tables manufactured by non-party Maxchief. On February 4, 2015, Wok & Pan filed a lawsuit in the Central District of California against Staples Incorporated (the "Staples Action"), alleging that folding tables sold by retailer Staples infringed three of the four Asserted Patents at issue in this case.[1] See Wok & Pan Ind., Inc. v. Staples Incorporated, Case No. 15-809 (C.D. Cal. filed February 4, 2015) (Birotte, J.). Although the tables sold by

---

[1] The fourth patent—U.S. Patent No. 9,089,204—was issued on July 28, 2015, after the Staples Action and the Tennessee Action, discussed *infra*, were instituted. According to Lowe's, the fourth patent "is a continuation of another of the Asserted Patents – U.S. Patent No. 8,931,421," and the two patents share "identical inventors, identical titles, identical drawings, substantially identical detailed descriptions, and highly similar claims." Motion at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02137-CAS(GJSx) | Date | August 24, 2016 |
| Title | WP BANQUET, LLC ET AL v. LOWE'S COMPANIES, INC. ET AL | | |

Staples were manufactured and designed by Maxchief, plaintiff Wok & Pan did not name Maxchief as a defendant in the Staples Action.

On June 1, 2015, roughly four months after Wok & Pan initiated the Staples Action, Maxchief filed a declaratory judgment action against Wok & Pan in the Eastern District of Tennessee (the "Tennessee Action"). See Maxchief Investments Limited v. Wok & Pan, Ind., Inc., Case No. 15-153 (E.D. Tenn. filed June 1, 2015). In its complaint in the Tennessee Action, Maxchief seeks a declaratory judgment that the claims of the three patents asserted against Staples in the Staples Action are invalid and that Maxchief's folding tables do not infringe the claims of Wok & Pan's patents. See generally id. at Docket No. 1. On August 9, 2016, Wok & Pan filed a Rule 12(b)(2) motion to dismiss the Tennessee Action for lack of personal personation, see id. at Docket No. 22, which is currently pending before the court in the Eastern District of Tennessee.

On March 29, 2016, as stated *supra*, plaintiffs filed the instant patent infringement action against defendants Lowe's and Office Star Products.

### III. LEGAL STANDARD

A district court has discretionary power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

Among the factors to be weighed in deciding whether to stay a pending proceeding "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). " '[I]f there is even a fair possibility that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-02137-CAS(GJSx) | Date | August 24, 2016 |
|---|---|---|---|
| Title | WP BANQUET, LLC ET AL v. LOWE'S COMPANIES, INC. ET AL | | |

stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.' " Dependable Highway Express, 498 F.3d at 1066 (quoting Landis, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.' " Lockyer, 398 F.3d at 1112. In all cases, "[t]he proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

IV. DISCUSSION

    A. **Whether the Non-Party Manufacturer's First-Filed Declaratory Judgment Action in the Eastern District of Tennessee Warrants a Dismissal or Stay of the Instant Suit**

    Defendant Lowe's first argues that in light of non-party-manufacturer Maxchief's first-filed declaratory judgment action in the Eastern District of Tennessee, this Court should dismiss or, in the alternative, stay the instant suit "under the logic of the 'first-to-file' rule" and, relatedly, the "customer-suit doctrine." Motion at 7. For reasons explained in the discussion that follows, the Court concludes that a stay of this action pending resolution of the Tennessee Action is appropriate.

    Generally, "when two actions involving nearly identical parties and closely related patent infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that *the case first filed takes priority*, and the subsequently filed suit should be dismissed or transferred or stayed." EMC Corp. v. Bright Response, LLC, 2012 WL 4097707, at *1 (N.D. Cal. Sept. 17, 2012) (Chen, J.) (citation omitted) (emphasis added). Three threshold factors should be considered in deciding whether to apply the first-to-file rule and thereby dismiss or stay the later-filed suit: (1) the chronology of the two actions; (2) the similarity of the issues; and (3) the similarity of the parties. Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 270 (C.D. Cal. 1998) (citing Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991)).

    Here, consideration of the first two of these factors counsels in favor of applying the first-to-file rule, as the Tennessee Action (1) was filed nearly a year before the instant suit, and (2) involves a challenge to the validity of three of the four patents that are at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02137-CAS(GJSx) | Date | August 24, 2016 |
| Title | WP BANQUET, LLC ET AL v. LOWE'S COMPANIES, INC. ET AL | | |

issue in this action. As to the third factor regarding the similarity of the parties, the Court recognizes that the plaintiff in the Tennessee Action, manufacturer Maxchief, is not named here, and further that defendants Lowe's and Office Star Products are notably absent from the Tennessee Action. However, the " 'similar parties' requirement does not require 'exact identity,' but instead is satisfied if the parties are substantially similar." Microchip Tech., Inc. v. United Module Corp., 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011) (Koh, J.). As Lowe's rightly notes, the patent owner (Wok & Pan) is a party to both cases; the tables at issue in both cases are manufactured by Maxchief; and three of the patents implicated in this suit are at issue in the Tennessee Action. Because "the first-to-file rule is not to be mechanically applied, but 'rather is to be applied with a view to the dictates of sound judicial administration,' " the Court finds, on balance, that application of the rule here weighs in favor of a stay. See Proofpoint, Inc. v. InNova Patent Licensing, LLC, 2011 WL 4915847, at *7 (N.D. Cal. Oct. 17, 2011) (Koh, J.) (applying the first-to-file rule although it was "not *clearly* applicable").

In addition, the Court finds that *even if* the Tennessee Action had not been filed before the instant suit, application of the so-called "customer-suit doctrine" (or the "customer suit" exception to the first-to-file rule) strongly counsels in favor of a stay. Commonwealth Sci. & Indus. Research Organisation v. Toshiba Am. Info. Sys., Inc., 297 Fed. App'x 970, 973 n.6 (Fed. Cir. 2008) (discussing the "customer-suit doctrine"). Under the customer-suit doctrine, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence." In re Nintendo of Am., Inc., 756 F.3d 1363, 1365 (Fed. Cir. 2014); see also Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990) (noting "litigation . . . brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"). "At the root of the preference for a manufacturer's declaratory judgment action"—like Maxchief's earlier-filed Tennessee Action—"is the recognition that, in reality, the manufacturer is the true defendant in the customer suit. . . . [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." Katz, 909 F.2d at 1464 (quoting Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 738 (1st Cir. 1977)); see also Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (noting the doctrine "is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02137-CAS(GJSx) | Date | August 24, 2016 |
| Title | WP BANQUET, LLC ET AL v. LOWE'S COMPANIES, INC. ET AL | | |

based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement").

Generally speaking, "courts apply the customer suit exception to stay *earlier-filed* litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." Spread Spectrum Screening LLC v. Eastman Kodak Co., 657 F.3d 1349, 1357 (Fed. Cir. 2011) (emphasis added). However, the logic underlying the customer-suit exception applies with equal force to *later-filed* suits against retailers, like Lowe's here, where there is an earlier-filed declaratory judgment action involving the allegedly-offending product's manufacturer. Specifically, "the guiding principles in the customer suit exception cases are efficiency and judicial economy," Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys., 458 F.3d 1335, 1343 (Fed. Cir. 2006), as well as a desire "to guard against possibility of abuse" by the patent holder, Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989). Consideration of all these factors undoubtedly bodes in favor of a stay.

Indeed, as explained *supra,* one court in this district has similarly concluded that application of the "customer suit" exception warranted a stay of a suit filed by Wok & Pan against another Maxchief customer, pending resolution of the later-filed Tennessee Action. See Order Staying Action Pending Resolution of Manufacturer Suit in the Eastern District of Tennessee, Dkt. No. 42, Wok & Pan, Ind., Inc. v. Staples, Inc., No. 15-00809 (C.D. Cal. August 25, 2015) (Birotte, J.)). The court found the case to be "exactly the sort of customer suit for which the customer-suit exception was designed," because Wok & Pan did not dispute (1) "that Maxchief designs and manufactures the [table which was the subject of that suit]," (2) "that Staples merely sells the table in its retail stores," and (3) that the non-infringement and invalidity claims presented in the Tennessee Action "are identical to (and will ultimately be dispositive of) the patent infringement claims at issue in this action." Id., at p. 3. The same can be said of the instant case—indeed, plaintiffs offer no arguments in their opposition against application of the principles underlying the "customer suit" doctrine here, nor do they contend that they will be prejudiced by a stay.

Accordingly, because the Court finds this patent infringement suit to be "a clear-cut example" of the type of lawsuit to which the customer-suit exception applies, the Court concludes that it is appropriate to stay the instant proceeding pending resolution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:16-cv-02137-CAS(GJSx) | Date | August 24, 2016 |
|---|---|---|---|
| Title | WP BANQUET, LLC ET AL v. LOWE'S COMPANIES, INC. ET AL | | |

of the Tennessee Action.[2] Id. cf. Katz, 909 F.2d at 1464 (noting that "the manufacturer is the true defendant in the customer suit" and that the manufacturer "must protect its customers, either as a matter of contract, or good business, in order to avoid the damaging impact of an adverse ruling against its products") (citation omitted).

**V. CONCLUSION**

In accordance with the foregoing, the Court finds that a stay of the instant suit is appropriate pending resolution of the Tennessee Action.

However, the Court notes that as of the date of this Order, the electronic docket in this matter indicates that defendant Office Star Products has not yet made an appearance in this action, and indeed plaintiffs have yet not filed a Proof of Service as to Office Star Products. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (noting, however, that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Accordingly, **IT IS HEREBY ORDERED** that plaintiffs **SHOW CAUSE** in writing not later than **Wednesday, September 7, 2016** why defendant Office Star Products should not be dismissed for lack of prosecution. In accordance with Federal Rule of Civil Procedure 78 and Local Rule 7.15, oral argument shall not be heard in this matter unless so ordered by the Court. The Order to Show Cause will stand submitted upon the filing of plaintiff's response. Plaintiff is advised that the Court will consider the following as a satisfactory response to the Order to Show Cause:

> A proof of service of summons and complaint on defendant Office Star Products on or before the above date.

---

[2] Having concluded that a stay of the instant action is appropriate, the Court does not reach the merits of the parties' dispute regarding whether Wok & Pan is party to a Master Standard Buying Agreement ("MSBA") with non-party LG Sourcing, Inc. ("LGS"), a corporate affiliate of Lowe's, under which the parties purportedly agreed to resolve certain disputes in a North Carolina state court of competent jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-02137-CAS(GJSx) | Date | August 24, 2016 |
|---|---|---|---|
| Title | WP BANQUET, LLC ET AL v. LOWE'S COMPANIES, INC. ET AL | | |

Following plaintiff's filing of a response to the Court's Order to Show Cause, the Court will enter a **STAY** of the instant suit that shall remain effective through the resolution of the Tennessee Action, Maxchief Investments Limited v. Wok & Pan, Ind., Inc., Case No. 15-153 (E.D. Tenn filed June 1, 2015). The parties are directed to file joint status reports reporting on the status of the Tennessee Action every 120 days from the date of the Court's entry of a stay, or upon a resolution of the Tennessee Action, whichever first occurs.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |